WIGGINTON, Judge.
Plaintiffs have appealed a summary final judgment rendered in. defendants’ favor. They contend the court erred in finding from the pleadings, affidavits, depositions and other evidence that there existed no genuine issue of any material fact and that defendants were entitled to judgment.
Appellants rely on a parol stipulation, understanding or agreement entered into between their attorney and one of the defendants during the pendency of a prior unlawful detainer action between the parties to support their position. Appellants’ attorney deposed that his understanding of the parol agreement was such as to constitute defendants’ departure from the leased premises while the unlawful detainer action was pending an unauthorized abandonment of the lease obligations. On the contrary, defendant deposed that his understanding was such as to constitute his departure a lawful surrender in response to the compulsion of the unlawful detainer writ. Appellants contend that the two conflicting versions of the stipulation or agreement created genuine issues of fact to be resolved only by trial. It was to prevent just such irreconcilable conflicts from arising during the course of litigation that the rule relating to the form and content of stipulations was promulgated and adopted by the Supreme Court. This rule provides :
“Stipulations. No private agreement or consent between parties or their at *608 torneys shall be of any force unless the evidence thereof is in writing, subscribed by the party or his attorney against whom it is alleged; provided that parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings and agreements made at depositions which are incorporated in the transcript thereof need not be signed when signing thereof is waived.”[1]
Since the parol stipulation or agreement on which appellants rely to create a genuine issue of fact does not comply with the requirements of the rule, it was of no probative force or effect and would not have been admissible if offered as evidence in the unlawful detainer action. For the same reason, the stipulation is likewise of no probative value and is inadmissible as evidence in the case sub judice. For these reasons the stipulation was not sufficient to create a genuine issue of fact to defeat the motion for summary judgment.
Appellants further contend that a genuine issue of fact was created by the affidavits of the parties concerning the alleged wrongful removal by defendant from the leased premises of certain specified personal property owned by appellants. The facts averred in appellants’ affidavit touching upon this issue are based entirely upon information and belief contrary to the rule of procedure which requires that such facts be averred on personal knowledge and shall be such as would be admissible in evidence.[2] Since appellants’ affidavit does not comply with the requirements of the rule, it is insufficient to create a genuine issue of fact regarding the alleged wrongful removal of personal property from the premises, or to negate the affirmative averments contained in the affidavit supporting the motion.
The judgment appealed is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.

. Rule 1.030(d), R.C.P., 30 F.S.A.

. Rule 1.510(e), R.C.P.
“Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge. shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is eompe-tent to testify to tlie matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit afidavits to he supplemented or opposed by depositions, answers to interrogatories or by further affidavits.”