420 So.2d 937 (1982)
JAYRE INCORPORATED and Hilliard Herzog, Appellants,
v.
WACHOVIA BANK AND TRUST CO., N.A., a National Banking Assn., Appellee.
No. 81-2199.
District Court of Appeal of Florida, Third District.
October 26, 1982.
*938 Seligman & Sandler and Kenneth Sandler, Hollywood, for appellants.
Frates & Novey and Terry S. Bienstock and Diane M. Van Ness, Tallahassee, for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
BARKDULL, Judge.
On May 1st, 1981, the appellee bank, as plaintiff, filed an action against the defendants that charged that, it, the bank, had erroneously transferred $87,200. to the bank account of the defendant corporation; that the corporation, through the individual defendant, as its president, had refused to return the funds and thereby converted them and in fact by their conversion and refusal the defendants were guilty of a theft under § 812.035 Florida Statutes (1979).
The complaint sought punitive damages, as well as treble damages pursuant to § 812.035; Florida Statutes (1979), and demanded a jury trial.
Service was had upon the defendants, May 19, 1981. A default judgment was entered against both defendants for failure to plead on June 11, 1981. A motion for final judgment was filed on June 11, 1981 (with no service upon the defendants) it recited the default and advised the court that this action was for fraud, theft and conversion. Final judgment was rendered on the same day against the defendants jointly and severally for the principal sum of $261,600. plus interest costs and attorneys fees.
A motion to set aside the default ultimately came on for hearing before the trial court, accompanied by an answer by the corporate defendant and a motion to dismiss by the individual, contending that the complaint failed to state a cause of action against him individually. The motion was primarily based (supported by an affidavit by counsel for the defendants) upon excusable neglect in failing to plead, since counsel for the defendants had an oral agreement with counsel for the plaintiff that the cause would be held in abeyance until an accounting with a third party could be completed.
Counsel for the plaintiff filed an affidavit that no such oral agreement in fact existed. The trial court denied the motion to set aside default and this appeal of the final judgment ensued.
We affirm as to the denial of the motion to set aside the default. Orthwein v. Cobbs Fruit & Preserving Company, 229 So.2d 607 (Fla. 1st DCA 1969); Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970). Fla.R.Jud.Admin. 2.060(g).
We reverse the final judgment entered on the default, with directions to the trial judge to submit the matter of damages to a jury as requested by the plaintiff in its complaint. A plaintiff, after demanding a jury trial in its complaint cannot withdraw the demand, absent consent of the defendant, even when a default judgment has been entered against the defendant. Schuppener v. Stein, 374 So.2d 555 (Fla. 4th DCA 1979); Loiselle v. Gladfelter, 160 So.2d 740 (Fla. 3rd DCA 1964), affirmed; Gladfelter v. Loiselle 165 So.2d 767 (Fla. 1964). Fla.R.Civ.P. 1.430(d).
In oral argument counsel touched on the question of whether treble damages could be recovered in the trial court under Section 812.035(7) without proof of a prior criminal conviction. This opinion does not address this point. It was not presented to the trial court and was not a point on this appeal. Upon remand, the matter should first be submitted to the trial court for a determination after a full review of the legislative background leading to the adoption of this Section in 1979; the Section not having heretofore received judicial scrutiny. After the trial court makes a ruling on this point, any aggrieved party may make a point in subsequent appellate proceedings as to the correctness of the trial judge's interpretation of Section 812.035(7).
Therefore, for the reasons above stated, the final judgment is hereby reversed and the matter returned to the trial court for further proceedings.
Reversed and remanded.
*939 DANIEL S. PEARSON, Judge, concurring.
I agree that the defendant is entitled to have the judgment against it set aside and the cause remanded to the trial court for a trial on damages. I believe, however, that since the trial court awarded treble damages under Section 812.035(7), Florida Statutes (1979), and the parties hereto made the propriety of that award a separate issue on appeal, we should reach the question whether treble damages can be awarded upon proof that the civil defendant violated the theft statute, §§ 812.012 et seq., Fla. Stat. (1979), absent proof that the violation resulted in a criminal conviction.
Addressing this question, I find nothing at all in Chapter 812 which even slightly suggests that a conviction for any of the thefts proscribed in this chapter is a necessary predicate to the civil remedies provided by Section 812.035. Indeed, a plain reading of Section 812.035 compels the contrary conclusion. In pertinent part, that section provides:
"(7) Any person who is injured in any fashion by reason of any violation of the provisions of ss. 812.012-812.037 shall have a cause of action for three-fold the actual damages sustained and, when appropriate, punitive damages. Such person shall also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation.
"(8) A final judgment or decree rendered in favor of the state in any criminal proceeding under ss. 812.012-812.037 shall estop the defendant in any subsequent civil action or proceeding as to all matters as to which such judgment or decree would be an estoppel as between the parties.
"(9) The Department of Legal Affairs may, upon timely application, intervene in any civil action or proceeding brought under subsection (6) or subsection (7) if he certifies that, in his opinion, the action or proceeding is of general public importance. In such action or proceeding, the state shall be entitled to the same relief as if the Department of Legal Affairs had instituted this action or proceeding.
"(10) Notwithstanding any other provision of law, a criminal or civil action or proceeding under ss. 812.012-812.037 may be commenced at any time within 5 years after the cause of action accrues. If a criminal prosecution or civil action or other proceeding is brought, or intervened in, to punish, prevent, or restrain any violation of the provisions of ss. 812.012-812.037, the running of the period of limitations prescribed by this section with respect to any cause of action arising under subsection (6) or subsection (7) which is based in whole or in part upon any matter complained of in any such prosecution, action, or proceeding shall be suspended during the pendency of such prosecution, action, or proceeding and for 2 years following its termination.
"(11) The application of one civil remedy under any provision of ss. 812.012-812.037 shall not preclude the application of any other remedy, civil or criminal, under ss. 812.012-812.037 or any other section of the Florida Statutes."
By providing for estoppel in those cases where a criminal conviction has first occurred, the legislature has recognized, at least implicitly, that there will be other instances where no criminal proceeding exists. By extending the statute of limitations in only those cases where a criminal prosecution or civil action to punish, prevent or restrain violation has first been brought, the legislature has recognized that there will be other cases where no criminal proceeding occurs and the limitations period is not extended. Moreover, the legislature's disjunctive treatment of the criminal and civil provisions throughout the section, culminating with subsection (11), quite clearly contemplates that a civil remedy can precede or even be unaccompanied by any criminal sanction. Had the legislature intended that the civil remedies provided could only be employed following a criminal conviction, I think that intent, so easily expressed, would not only appear in but would drastically alter the purport of Section 812.035. I think it inescapable that the *940 legislature has provided that the acts of theft proscribed in Chapter 812 may be made the subject of either or both criminal and civil proceedings and that the remedies provided are independent of one another.
Moreover, while this precise issue has not been decided in respect to Chapter 812, courts have uniformly rejected the like contentions (a) that a provided-for civil action for treble damages could not be maintained absent a preceding criminal conviction under the Racketeer Influenced and Corrupt Organizations Act (RICO), Title 18 U.S.C. § 1961 et seq., Parnes v. Heinold Commodities, Inc., 487 F. Supp. 645 (N.D.Ill. 1980); Heinold Commodities, Inc. v. McCarty, 513 F. Supp. 311 (N.D.Ill. 1979); Farmers Bank of State of Delaware v. Bell Mortgage Corporation, 452 F. Supp. 1278 (D.Del. 1978); cf. United States v. Cappetto, 502 F.2d 1351 (7th Cir.1974), cert. denied, 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975) (civil injunctive proceeding under 18 U.S.C. § 1964 alternative to criminal prosecution provided in same criminal statute)[1]; but see Kleiner v. First National Bank of Atlanta, 526 F. Supp. 1019 (N.D.Ga. 1981) (stating in acknowledged dictum that "It may well be that entitlement to the civil remedy of Section 1964 should be conditioned upon a criminal conviction or at least an indictment," 526 F. Supp. at 1022 n. 2); and (b) that a condition precedent to forfeiture of personal property under Section 932.703, Florida Statutes (1981), "which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony," see § 932.701(2)(e), Fla. Stat. (1981), is a conviction of a felony, Marks v. State, 416 So.2d 872 (Fla. 5th DCA 1981); City of Tallahassee v. In re Forfeiture of One Yellow 1979 Fiat 2-Door Sedan Florida Tag No. FVN-467, 414 So.2d 1100 (Fla. 1st DCA 1982).
FERGUSON, Judge (concurring).
I agree that the final judgment must be set aside and the matter of damages submitted to the jury. Though the question of entitlement to treble damages was raised as an issue in this appeal the trial court made the award on only appellee's ex parte motion for judgment which was bare of any legal discussion. Since we are reversing and remanding for a full trial on damages I think it unnecessary to pass on the question whether a conviction is a necessary predicate to the civil remedies provided by Section 812.035, Florida Statutes (1979). Judge Pearson's persuasive concurring opinion is at least a beginning to the research effort, and indeed may become the opinion of the court in the event of an appeal after trial. Nonetheless, I agree with Judge Barkdull that the trial court and this court might benefit if the parties are permitted to complete the record then thoroughly brief the novel question.
NOTES
[1] These cases, sub silentio, reject the notion that simply because the civil remedy is found in a criminal statute or criminal code, it is therefore dependent on a criminal conviction.