**George W. MOROSANI, individually and on behalf of all other persons similarly situated, Plaintiff-Appellant,**

v.

**The FIRST NATIONAL BANK OF ATLANTA, Defendant-Appellee.**

No. 82–8180.

United States Court of Appeals, Eleventh Circuit.

April 21, 1983.

---

Michael P. Malakoff, Pittsburgh, Pa., Jerome J. Froelich, Jr., Kenneth P. McDuffie, Atlanta, Ga., for plaintiff-appellant.

Richard M. Kirby, Elizabeth G. Crosby, Atlanta, Ga., for defendant-appellee.

Before KRAVITCH, HENDERSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff, George W. Morosani, filed this action against the First National Bank of Atlanta ("Bank") alleging that the Bank had improperly charged excessive interest on a loan extended to plaintiff.[1] Specifically, plaintiff alleged that the bank had agreed to charge interest at a particular percentage rate above the rate charged to the bank's "best and most creditworthy commercial customers" and to compute interest on a "360-day year simple interest basis." Instead, plaintiff asserted, the bank charged a higher interest rate than the agreed-upon percentage above that charged to the bank's best and most creditworthy commercial customers and computed the interest on a 365/360 method. Plaintiff's six-count complaint alleged that the bank's actions gave rise to claims for relief under the civil remedy provisions of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1964 (West Supp. 1982) (Counts 1 and 2), under the National Bank Act, 12 U.S.C.A. §§ 85 & 86 (West Supp.1982) (Counts 3 and 4), and for breach of contract (Counts 5 and 6).

On December 1, 1981, the district court granted the Bank's motion to dismiss the first two counts of plaintiff's complaint. The court relied upon, and incorporated by reference, the order entered in the related case of *Kleiner v. First National Bank*, 526 F.Supp. 1019 (N.D.Ga.1981). In that order, the court had dismissed similar RICO claims on the ground that "the practice Plaintiff complains of has not traditionally been treated as criminal in nature; i.e., it is not a

1. Plaintiff's complaint characterized the action as a class action on behalf of all persons who borrowed money from the bank during the six years preceding the commencement of the ac-

tion. The district court had not ruled on the class certification issue at the time this interlocutory appeal was taken.

recognized form of criminal activity." *Id.* at 1022. Plaintiff then brought this interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b) (West 1966).

We believe that the district court erred when it dismissed Counts 1 and 2 of plaintiff's complaint on the ground that the alleged misconduct was not "a recognized form of criminal activity." Plaintiff's complaint alleged that the Bank had engaged in a scheme to obtain money by means of false or fraudulent pretenses and representations. Obtaining money by false pretenses, if proved,[2] clearly falls within the traditional definition of criminal activity and is specifically prohibited by 18 U.S.C.A. § 1341 (West Supp.1982) when, as alleged here, the services of the U.S. Postal Service are used to further the alleged scheme.[3] Thus, we reject the theory upon which the district court dismissed Counts 1 and 2 of plaintiff's complaint.

The Bank has asserted several other theories to support its contention that the treble damage provisions of RICO do not apply to the facts as alleged here. We decline to consider such contentions at this interlocutory appeal stage of the litigation, preferring that the district court address such issues in the first instance. Moreover, although we intimate no opinion on the merits of this case, we note that further development of the facts may make the resolution of such issues unnecessary.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

---

**2.** Whether plaintiff will be able to prove that the Bank committed the crime of obtaining money by false pretenses is a factual issue which cannot be resolved at this juncture.

**3.** Plaintiff alleged that defendant sent false and fraudulent interest statements through the mail. 18 U.S.C.A. § 1341 (West Supp.1982), provides in relevant part:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, . . . shall be fined not more than $1,000 or imprisoned not more than five years, or both.