**BUTLER MANUFACTURING COMPANY, Plaintiff and Counterclaim Defendant,**

v.

**CONVEY–ALL, INC., Defendant and Counterclaimant.**

**Civ. A. No. 83–AR–1323–S.**

United States District Court,
N.D. Alabama, S.D.

March 28, 1985.

Lawrence B. Clark, Craig A. Alexander, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for Butler Mfg. Co.

---

Edgar M. Elliott, Michael K. Beard, Rives & Peterson, Birmingham, Ala., for Convey-All, Inc.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration the motion of counterclaim defendant Butler Manufacturing Company (Butler) for partial summary judgment as to Counts Two, Three and Four of the counterclaim of Convey-All, Inc. (Convey-All). After reviewing the materials submitted by the parties in support of and in opposition to the motion, the court concludes that there remain material disputes of fact as to Counts Two and Three of the counterclaim so as to preclude disposition of Counts Two and Three under Rule 56, F.R.Civ.P. However, the court does find that Count Four of the counterclaim fails to state a claim upon which relief can be granted and therefore it is due to be dismissed.

Count Four of Convey-All's amended counterclaim purportedly invokes the civil remedies provided by the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq.*, the relatively new federal statute which is in vogue for plaintiffs in civil actions and which seems now routinely to be included in every civil complaint filed by a party who claims to have been defrauded in a business deal. Convey-All contends that through the use of "interstate mailings" and "interstate telephone and telegraphs wires" Butler committed fraud against it, and thus is a fraud actionable under RICO.

RICO was enacted for the avowed purpose of controlling *organized* crime. Enacted as Title IX of the *Organized* Crime Control Act of 1970, Pub. Law 91–452 (1970) (emphasis supplied), RICO was designed "to seek the eradication of organized crime in the United States ... by providing new remedies to deal with unlawful activities of those engaged in organized crime". 116 Cong.Rec. 35191 (1970). In determining whether a claim lies under this statute, the courts must keep in mind this purpose and in that light decide if a particular action falls within the intended scheme. The boundaries of a RICO action, or any other statutory action, are necessarily limited. The question is where to draw the line. The standard to be utilized in effectuating this limitation is a busy source of controversy among the courts, and the Supreme Court has not spoken on the subject although it has granted certiorari in cases which may provide the vehicles for such an expression.

Among the issues being looked at in applying RICO is whether or not a prior criminal conviction for a predicate act is required as the trigger for a civil RICO action. This question was extensively dealt with by the Second Circuit in *Sedima, S.P. R.L. v. Imrex Co.,* 741 F.2d 482 (2nd Cir. 1984), cert. granted —— U.S. ——, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985). After carefully analyzing the relevant case law and statutory language of the Act, the Second Circuit found in *Sedima* that a prior criminal conviction *is* a prerequisite to a civil RICO action. If a prior criminal conviction is a prerequisite, as Honorable Alcee Hastings concluded in *Atlantic Fed. Sav. & Loan Assn. of Fort Lauderdale v. Dade Sav. & Loan Assn.,* 592 F.Supp. 1089 (S.D.Fla. 1984), then Convey-All clearly has no RICO claim. This court agrees with Judge Hastings and with the Second Circuit.

It is not necessary, however, to go as far as the Second Circuit goes or as Judge Hastings goes, in order to eliminate Convey All's RICO claim. The Eleventh Circuit appears to have adopted the view that RICO is only appropriate as a remedy in traditionally criminal matters. *Morosani v. First National Bank of Atlanta,* 703 F.2d 1220 (11th Cir.1983) was the only Eleventh Circuit case to consider the application of civil liability under RICO until *Shahawy v. Harrison,* 755 F.2d 1432 (11th Cir.1985), was decided on March 22, 1985. While *Morosani* does not state unequivocally that a criminal "conviction" is required as in *Sedima,* it does apply RICO to conduct falling within the traditional definitions of criminal activity. In *Shahawy,*

however, a plaintiff physician filed a many faceted complaint against hospital officials. He included a RICO count, as the proverbial kitchen sink. The gist of the Eleventh Circuit's recent ruling is that simply labeling an activity as "racketeering" does not make it into a RICO claim. At page 2662 of the Slip Opinion, the Court without exposition but very positively, said:

> Shahawy also attempts to state a claim against appellees under the federal RICO Act, Title 18 U.S.C.A. § 1961–1968 (West Supp.1984). Shahawy contends that appellees have engaged in a pattern of racketeering activity in the conduct of hospital affairs. We find the RICO allegations to be without merit, and therefore, they were properly dismissed by the district court.

This holding is quite persuasive in the instant case, especially when considered in light of the fact that the district court, Honorable William J. Castagna, in dismissing Dr. Shahawy's RICO claim, said:

> An allegation that a defendant wrote a letter to someone else or called another person on the telephone simply will not connect him with the type of criminal activity these statutes contemplate.

*Shahawy v. Harrison,* 82–1207–CIV–T–WC at 15 (M.D.Fla. October 13, 1983).

By approving Judge Castagna's language the Eleventh Circuit puts itself within the *Sedima* camp. Applying the *Shahawy* standard Convey-All is prevented from maintaining its claim because its RICO count is founded on garden variety business fraud and is not a matter falling within the realm traditionally considered criminal. What Convey-All complains of is that Butler used the telephone and mail service to make a misrepresentation. This is exactly what Dr. Shahawy claimed. If Convey-All's allegations are true, then Convey-All has a valid fraud claim. However, it would be a gross distortion of the legislative purpose behind RICO to use it to transmogrify every fraud claim into a new and special federal cause of action *in terrorem populi.*

■ A further reason why Convey-All's RICO claim cannot be maintained is that a civil RICO plaintiff must allege something more than injury resulting from the predicate acts. *Bankers Trust Co. v. Rhoades,* 741 F.2d 511 (2nd Cir.1984); *Alexander Grant and Company v. Tiffany Industries, Inc.,* 742 F.2d 408 (8th Cir.1984). The language of RICO "requires that plaintiffs allege injury caused by an activity which RICO was designed to deter, which, whatever it may be, is different from that caused simply by such predicate acts as are alleged here". *Sedima,* 741 F.2d at 949. Although Convey-All does allege in its RICO count that it suffered injuries "by reason of a pattern of unlawful conduct on the part of plaintiff and its aforesaid employees", it fails to assert how the alleged injury is a product of "racketeering", distinct from the injury caused by fraud perpetrated by mail or telephone. This may be just another way of saying what has already been said.

■ Lastly, a causation element must be present to support civil liability under RICO. *Sedima, supra; Haroco, Inc. v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384 (7th Cir.1984), cert. granted —— U.S. ——, 105 S.Ct. 902, 83 L.Ed.2d 917 (1985). There is no colorable showing that the alleged acts of "mail fraud" and "wire fraud" committed by Butler are the legal cause of Convey-All's business injuries.

This court thoroughly agrees with the opinion of Hon. William Terrell Hodges in *Taylor v. Bilezikian,* (M.D.Fla.1984), which contains ideas from which this court has liberally borrowed.

An appropriate order will be entered.