HENDRY, Judge.
Appliance & Refrigeration Distributors (ARD) appeals the denial of its motion to vacate a default and the entry of final judgment after default in favor of Fedders USA and Fedders Air Conditioning USA (Fedders) in an action arising out of an exclusive distributorship agreement. ARD contends the continuous flow of communications between the parties regarding the federal and state court actions constituted service of paper entitling ARD to notice prior to the entry of a default. We agree, finding the entry of default to be reversible error.
On April 18,1985, ARD filed suit against Fedders Corporation (parent corporation to appellees) in state court, from which appel-lees removed it to federal court where it is, in part, still pending. The gravamen of the complaint was allegedly anticompetitive actions and the seeking of an accounting.
Prior to answering the complaint in that action, Fedders USA and Fedders Air Conditioning USA (Fedders) proceeded ex parte to file replevin actions in two state courts against property held by ARD. Counsel for ARD first learned of the re-plevin actions when Fedders appeared with moving vans at the ARD warehouses. ARD obtained an order from federal court staying the replevin actions and successfully moved for emergency injunctive relief in state court. The parties settled the replev-in actions through a credit return of air conditioning merchandise sold to ARD by Fedders.
In October 1985, ARD sought a preliminary injunction to enjoin Fedders from filing additional actions on related claims in *1386 any court but federal, attempting to prevent fragmentation of the dispute and deprive the federal court of its jurisdiction to hear the matter in its entirety. At the time no other actions were pending in any other forum. A memorandum of law filed by Fedders on October 11, 1985, in addition to the legal arguments raised in opposition to ARD’s motion, suggested that federal court should not speculate on “events which may never occur.” That court later explained it had understood Fedders’ argument to mean they planned to file no further lawsuits.
While the federal court hearing was pending, Fedders filed suit on November 22 against ARD in state court alleging claims for, inter alia, a balance due on ARD’s open account. On the morning of December 19, 1985, a default was entered in state court on Fedders’ ex parte motion for default on the November complaint. That afternoon, at the federal court hearing on ARD’s motion for preliminary injunction, the parties discussed the new state court action. Fedders did not advise the court or ARD of the default it had just obtained. At the close of the hearing, the court reserved ruling on the preliminary injunction motion. ■ The following day, ARD prepared and filed a motion to stay proceedings in state court, unaware that a default had been entered against it.
ARD received notice of the default entry on January 13, 1986 and applied to federal court on February 7,1986, for a mandatory injunction to enjoin Fedders from obtaining a final default judgment and to compel the company to restore the status quo. ARD’s response to Fedders’ motion for entry of final judgment was served on February 12, 1986, and presented to the court at a February 13th hearing. Also presented was the affidavit of John R. Kelso (ARD’s attorney) which documented an extensive and ongoing interaction between opposing counsel regarding the pending state and federal actions. At the federal hearing, the court expressed its belief that ARD was justified in thinking it did not have to respond to Fedders’ state court action in view of the pending federal court ruling on its motion for injunctive relief.
By its order of April 9, 1986, the federal court denied ARD’s motion for preliminary injunction without prejudice to renew and also denied its request for a mandatory injunction. It was the court’s expectation that ARD would be able to satisfy the state court that it had met the requirements for setting aside the default. When a final default judgment was granted on May 19, 1986, ARD filed an emergency based motion for rehearing, or to vacate the final default judgment.
On January 20, 1987, the circuit court rejected ARD’s argument of justification and found no excusable neglect, meritorious defense or due diligence in seeking relief from default had been shown for the period from April 9, 1986 to May 15, 1986. It denied ARD's motion for rehearing and confirmed its May 19, 1986 order entering final judgment. This appeal followed.
Pursuant to Rule 1.500(b), Fla.R.Civ.P., if a party has filed or served any paper in an action, then that party is entitled to notice upon an application for default. This rule has not been limited to the filing of an answer or responsive pleading. Beylund v. Gomez, 498 So.2d 639 (Fla. 3d DCA 1986); Reicheinbach v. Southeast Bank, N.A., 462 So.2d 611 (Fla. 3d DCA 1985). “Any paper served prior to the entry of a default requires the furnishing of notice.” Reicheinbach, 462 So.2d at 612. The ongoing communications between opposing counsel, regarding the pending state and federal cases, was extensive and well-documented in the affidavit of John Kelso filed with the state court on December 18, 1986. While papers filed by ARD in federal court referenced and attached as an exhibit Fed-ders’ state court complaint, when Fedders filed pleadings in federal court no notice of their state court application for default was given.
Where no notification of an application for default is given, that default may *1387 be set aside without a showing of excusable neglect or a meritorious defense. J.A.R., Inc. v. Universal American Realty Corp., 485 So.2d 467 (Fla. 3d DCA 1986) (tenants’ letter to landlord was sufficient paper to require tenants be served with notice of application for default judgment and to preclude entry of default judgment in absence of such notice). Neither ARD nor the federal court had any indication that Fedders would usurp that court’s jurisdiction over ARD’s pending motion and render the request moot by moving _ ex parte for a default. ARD believed it was justified in awaiting the federal court’s ruling on its pending motion prior to responding to Fedders in state court. The federal court expressed agreement with ARD’s belief at the March 31, 1986 hearing, wherein it was stated: “[Tjhere is a legitimate basis for (ARD) not having responded in view of the proceedings in this court, and I would have no objection to (counsel) advising Judge Farina of those comments.” When the default was not set aside, the federal court again indicated its belief that the matter should go back to the state court to be tried on its merits.
This court, too, has recognized that where a defendant believes, rightly or wrongly, that his rights are protected in a related action in a different forum and thus fails to answer, a default entered in that action should be set aside. Martinez v. Federal Deposit Ins. Corp., 503 So.2d 401 (Fla. 3d DCA 1987) (defendant mistakenly believed that, due to a related action pending in bankruptcy court, his interests were protected in a state court proceeding); see American Republic Ins. Co. v. Westchester General Hosp., 414 So.2d 1163 (Fla. 3d DCA 1982) (unconscionable of plaintiff to obtain default judgment without notice where defendants were misled by plaintiff into believing it was unnecessary to file any responsive pleadings because of ongoing settlement negotiations). Where a failure to timely plead is caused by “confusion which reasonably exists as a result of the pendency of two or more cases involving the same or related parties or subject matters,” that failure should be considered excusable. Zwickel v. KLC, Inc., 464 So.2d 1280 (Fla. 3d DCA 1985).
The Florida Supreme Court has unequivocally concluded that the interests of justice are best served by a liberal policy of setting aside defaults. The landmark case is North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962), wherein the court articulated what has become known as the “reasonable doubt” standard in ruling on motions to set aside defaults and allowing a trial upon the merits of the case. The reasonable doubt standard and the policy in favor of determining cases on their merits has been consistently recognized by this court. Kuehne & Nagel, Inc. v. Esser Int'l, Inc., 467 So.2d 457 (Fla. 3d DCA 1985); Reicheinbach, 462 So.2d at 612; Wien v. Quayside Realty, Inc., 462 So.2d 569 (Fla. 3d DCA 1985); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). ARD demonstrated excusable neglect in its mistaken belief that it was not required to file a responsive pleading until a decision was issued by the federal court; once notified of the default judgment, ARD diligently pursued its legal remedies. Consequently, the finding of default should be set aside and the case determined on its merits.
In accordance with this opinion, we find it was reversible error to enter a final judgment of default.
Reversed and remanded for further proceedings.