PER CURIAM.
Top Brands Marketing and Rupert Williams, its sole stockholder, appeal from the entry of a default. We find that the *192 principal claim, that Williams did not receive notice of Adams’s application for a default, is meritorious.
Adams brought an action for equitable lien and quantum meruit against Williams and Top Brands Auto. Williams was served by summons and process at his residence. The corporation was served at its business address. Williams, personally, and the corporation were represented by an attorney. After settlement negotiations collapsed, the trial court entered an order directing Williams and Top Brands to answer the complaint on or before May 11, 1992. On May 12, 1992, the attorney representing them procured an order permitting him to withdraw from further representation. In its order, the trial court directed that all further notices should be sent to Williams at his residential address. Williams subsequently failed to receive any notice; it appears he had moved from his residence just prior to the court order permitting his attorney’s withdrawal from further representation.
Never having gotten any response from Williams, Adams applied for a default and a motion to hold Williams in contempt. Notice of hearing was served upon Williams at the same non-current address. After Williams failed to appear, the court entered a writ of bodily attachment against him. Adams supplied the sheriff with Williams’s business address, and Williams was picked up at Top Brands and brought before the court. It is conceded by all that neither Williams nor the corporation received notice of the application for default or the notice of hearing thereon. For reasons not clear, Williams’s former attorney either through lack of communication, inadvertence, or other excusable neglect provided the court with an incorrect address for Williams. In Appliance & Refrigeration Distributors, Inc. v. Fedders USA Inc., 518 So.2d 1384 (Fla. 3d DCA), review denied, 528 So.2d 1181 (Fla.1988), this court held that where no notification of an application for default is given, that default may be set aside without a showing of excusable neglect or a meritorious defense. Following Appliance, we find that these circumstances entitle Williams and Top Brands to relief from the default judgment and all subsequent orders.
For the foregoing reasons, the default entered against Williams and the corporation is reversed and the cause remanded.