PER CURIAM.
Karen McClenon (“McClenon”) appeals an order denying her motion to set aside a default judgment entered against her in the ejectment action brought by the appellee, Antonio Zartemi (“Zartemi”). We reverse.
On December 5, 1996, Zartemi brought a one count complaint against McClenon, seeking to eject her from the property. McCle-non filed a letter on December 30, 1996, seeking an extension of time to obtain counsel. Zartemi filed a Notice of Hearing on January 2, 1997, setting his Motion to Strike Answer and Default for hearing on January 16. No motion, however, was filed. On January 16, a hearing was held without the presence of McClenon. On that date the court denied McClenon’s motion for extension of time and ordered her to answer within ten days to avoid a default and final judgment. Also on that date, Zartemi filed a second Notice of Hearing, setting the hearing on the Motion to Strike Answer and Default for January 30. Again, no motion was filed.
On January 30, a hearing was held and again only counsel for Zartemi attended. On February 5, the court entered an Order Striking Answer and Entering Default, and Final Judgment for Removal of Tenants.
On March 20, 1997, McClenon filed an Answer and a Motion to Set Aside Default and Vacate Final Judgment for Removal of Tenants. In her answer she alleged that she and Zartemi are the parents of a daughter, that McClenon and Zartemi purchased the home together as joint tenants, and that McClenon and the daughter had been living in the home together. She alleged that after the home was damaged during Hurricane Andrew, it became necessary to refinance the property, and that Zartemi told her that she *739 needed to execute a quitclaim deed to him in order to obtain refinancing. She contended that it was not her intention to give up her interest in the property. McClenon’s Motion to Set Aside Default was denied after hearing.
Florida Rule of Civil Procedure 1.500(b) provides:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall he served with notice of application for default.
(emphasis added). Further, Rule 1.100 provides:
An application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.
(emphasis added).
MeClenon filed a paper in this action,[1] and was therefore entitled to receive sufficient notice of the application for default. It is clear that particularity is required in any motion, and the notice of hearing in this ease failed to state with particularity any grounds for default. Thus, it did not constitute a motion under the rule, and did not provide sufficient notice to MeClenon.
Although an appellant need not prove the existence of excusable neglect, meritorious defense, and due diligence where a paper has been filed in the action and notice was not given, we further find that these elements are present in this ease. See Appliance & Refrigeration Distributors, Inc. v. Fedders USA Inc., 518 So.2d 1384, 1386-87 (Fla. 3d DCA 1988).
McClenon’s claimed confusion is excusable, given the unusual filings in this ease. See Cabral v. Diversified Servs., Inc., 560 So.2d 246, 248 (Fla. 3d DCA 1990). The first notice of hearing was filed with no motion giving any explanation of the grounds for seeking default. Further, on the same day that the court filed its order requiring MeClenon to file an answer -within ten days, MeClenon received another, virtually identical, notice of hearing. This notice, however, came prior to the expiration of the ten day period given by the court, so there was not yet any default to be granted.
In addition, we find that MeClenon has alleged a meritorious defense, and that she acted with due diligence upon learning of the default. Because these elements are present, even had MeClenon been provided with adequate notice, denying the motion to set aside the default was an abuse of the trial court’s discretion.
Accordingly, we reverse the trial court’s order and remand for further proceedings.

. See Building Inspection Servs., Inc. of Dade v. Olemberg, 476 So.2d 774, 774 (Fla. 3d DCA 1985) (holding that "a letter ... filed by an officer of a defendant corporation, advising the court that the corporation is attempting to engage an attorney to represent it, constitutes a 'paper' under Rule 1.500(a) Florida Rules of Civil Procedure”).