994 So.2d 1139 (2008)
Benjie SPERLING, etc., Appellant,
v.
UNITED STATES of America, Appellee.
No. 3D07-1157.
District Court of Appeal of Florida, Third District.
February 6, 2008.
Rehearing Denied March 14, 2008.
Larson and Jones and Steven L. Jones, Miami Shores, for appellant.
R. Alexander Acosta, United States Attorney, and Grisel Alonso and Richard Parker, Assistant United States Attorneys, for appellee.
*1140 Before COPE, WELLS, and SALTER, JJ.
SALTER, J.
Benjie Sperling ("Sperling"), as trustee, appeals a circuit court order awarding surplus foreclosure sale proceeds to the United States of America and denying Sperling's own motion for distribution of the surplus proceeds to him. Because (a) Sperling failed to comply with the federal statutes pertaining to the United States' tax lien in Sperling's earlier efforts to eliminate or subordinate the federal lien, and (b) Sperling's judgment "quieting title" did not supersede an earlier foreclosure judgment recognizing the United States' lien over the proceeds, we affirm.

Sperling's Deed and Priority
Sperling obtained title to a parcel of land in Miami-Dade County at a sheriff's sale in 2005. Although the sheriff's deed was recorded the day of the sale (January 26, 2005), the sale was in furtherance of execution on a judgment certified and recorded on July 17, 2002.
Sperling concededly took title subject to a recorded 1992 mortgage held by Aurora Loan Services,[1] but he maintains that his title was also superior to over $146,700 in federal tax liens recorded by the United States against the then-owner between December 2002 and July 2004.
That supposition might be correct in the case of a garden-variety lien arising under state law, because the title under the sheriff's deed "relates back" to the priority of the recorded judgment that is the basis for execution and sale (in this case, the judgment recorded July 17, 2002). The process is different, however, in the case of a federal tax lien. Under 26 U.S.C. § 7425(a) (2005), the lien in favor of the United States is not affected by a judgment or judicial sale unless the United States is made a party to the proceeding. The United States was not a party to, nor was it served with notice of, the proceedings which culminated in the 2005 sheriff's deed to Sperling.
In the case of the later foreclosure suit brought by Aurora and Sperling's crossclaim below, the United States was made a party, but it enjoyed the additional rights provided by 28 U.S.C. § 2410 (2005). First, section 2410(b) required Sperling to "include the name and address of the taxpayer whose liability created the lien" in his crossclaim.[2] Second, section 2410(c) grants the United States a special 120-day period of redemption from the date of sale.

The Final Judgment of Foreclosure in Favor of Aurora
The case below started as a first-priority mortgagee's (Aurora's) foreclosure action against the property owner (Sperling) and junior lien claimants (including the United States). Sperling crossclaimed to establish his ownership rights as against other lien claimants (including the United States).
Aurora obtained a summary final judgment of foreclosure in the traditional form providing for a public sale in accordance with Chapter 45, Florida Statutes (2006). That final judgment included provisions whereby any proceeds above the amounts due the plaintiff and clerk were to be retained pending further order of the court and whereby subordinate lienholders could make their claims to those surplus proceeds.

*1141 Sperling's Summary Judgment

Sperling then moved for summary judgment on his crossclaim, seeking a declaration that "the Sheriff's Deed conveyed title in and to the subject real property to [Sperling] and, because the underlying judgment was superior in dignity to the claims of Cross-Defendants, that all subsequent claims or liens were thereby extinguished, and that title be quieted in favor of [Sperling]." This motion was not opposed[3] and was granted before the foreclosure sale. The motion did not state that Sperling sought to eliminate (a) the United States' existing rights to claim proceeds under the already-entered Aurora foreclosure judgment or (b) the United States' federal statutory right of redemption for the 120-day period following the foreclosure.
Sperling's "Summary Final Judgment Quieting Title" appeared to be precisely thatan order confirming that Sperling had good title to the subject property by virtue of the 2005 sheriff's deed, that he was entitled to a writ of possession, and that his claim to the property was superior to those of the cross-defendants. That judgment, like Sperling's motion, did not specify that the United States would lose its claim to surplus proceeds, or that its federal statutory rights of redemption following the sale would be eliminated. Florida Rule of Civil Procedure 1.100(b) requires a movant to set forth each element of relief sought, and to state with "particularity" the grounds for that relief. See Williams v. Bank of Am. Corp., 927 So.2d 1091 (Fla. 4th DCA 2006); McClenon v. Zartemi, 710 So.2d 737 (Fla. 3d DCA 1998). The trial court correctly found that Sperling's motion and order were insufficient to "trump" the rights of the United States.

Conclusion
Sperling's brief observes that "[t]here is no case authority that deals with the facts of this cause." Now there will be, but the analysis of the rights of these parties actually turns on the applicable statutes and the language of the respective ordersnot on other reported decisions regarding state judgment liens. The trial court correctly determined that the judgment "quieting title" to Sperling's real estate did not abrogate the United States' federal statutory rights and the surplus proceeds provisions in the earlier Aurora judgment.
Affirmed.
NOTES
[1] The note and mortgage were originally in favor of the U.S. Small Business Administration, but at all times relevant here were held and foreclosed by Aurora.
[2] Sperling did not do this.
[3] In hindsight, the United States candidly admits that it might have avoided further controversy by obtaining clarification that the summary judgment sought by Sperling would not (because it could not) extinguish the United States' rights under the special federal tax lien statutes and under the existing provisions of the Aurora foreclosure judgment relating to post-sale surplus proceeds. In view of the contents of Sperling's motion and the relief sought, however, it is understandable that counsel for the United States would conclude that Sperling's claims pertained to title to the property, and not to any claim to any contingent surplus proceeds that might be produced under the existing (Aurora) sale order.