PER CURIAM.
Upon review of the record and consideration of the briefs and argument on appeal we have concluded that the appellant Isabel Scheuermann has failed to demonstrate that the trial court erred in setting aside the default entered against appellee Aetna Casualty & Surety Company. B.C. Builders Supply Co., Inc. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981). In particular we believe the trial court was entitled to consider the nature of the relationship between all of the parties in the pending and prior litigation in determining whether or not excusable neglect had been established for the appellees’ failure to respond. However, we reverse the order as to the appellee Lydia Nasrallah, and remand with directions that she be given an opportunity to amend her motion to set aside the default and to establish thereby excusable neglect for her failure to respond to Scheuermann’s complaint. We do not believe the present record is sufficient to sustain the trial court’s ruling as to Nasrallah, although we believe that under the peculiar circumstances of this case Nasrallah, the insured of the appellee Aetna, should be given an opportunity to demonstrate grounds for setting aside the default.
Accordingly, the order of the trial court is affirmed in part and reversed in part and remanded for further proceedings consistent herewith.
ANSTEAD and HURLEY, JJ., and SHA-HOOD, GEORGE, Associate Judge, concur.