428 So.2d 294 (1983)
AIR UNLIMITED INC., Appellant,
v.
VOLARE AIR, INC., a Florida Corporation, Appellee.
No. 82-1122.
District Court of Appeal of Florida, Third District.
February 22, 1983.
Rehearing Denied April 6, 1983.
Barry G. Roderman, Randy R. Freedman, Fort Lauderdale, for appellant.
Anthony J. Scremin and Richard G. Bartmon, Miami, for appellee.
Before HENDRY, BARKDULL and BASKIN, JJ.
BARKDULL, Judge.
The appellee, as plaintiff, filed an action seeking damages against the appellant. The complaint sought compensatory damages, both liquidated and unliquidated, as well as punitive damages and demanded a trial by jury.
A default judgment was entered against the defendant for failure to plead, followed by a bench trial, resulting in a final judgment in favor of the appellee for $14,009.20 as a compensatory loss and $42,000.00 as punitive damages.
Thereafter the appellant moved to vacate both the default judgment and the final judgment contending that he was not properly served and that he received no notice of hearing on the trial to determine damages. The trial judge denied this motion and this appeal ensued. We affirm the denial of the motion to vacate the default. Gettys v. Browning, 417 So.2d 1094 (Fla. 3d DCA 1982); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1981); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980); Perry v. University Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977).
We reverse the final judgment awarding damages for two reasons. First, *295 the plaintiff could not waive the demand for jury trial without notice to the defendant, even though he was in default, Jayre Incorporated v. Wachovia Bank and Trust Co., N.A., 420 So.2d 937 (Fla. 3d DCA 1982): second, even a defaulted defendant is entitled to service of an order setting a trial to determine unliquidated damages, Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980); B/G Amusements, Inc. v. Mystery Fun House, Inc., supra, Florida Rule of Civil Procedure 1.440(c).
Therefore the entry of default judgment is affirmed, the final judgment is reversed and the matter is returned to the trial court for further proceedings.
Affirmed in part, reversed in part, with directions.