464 So.2d 1280 (1985)
Roy ZWICKEL, Appellant,
v.
KLC, INC., a Florida Corporation, Appellee.
No. 84-2580.
District Court of Appeal of Florida, Third District.
March 5, 1985.
Rehearing Denied April 1, 1985.
Ritter & Ritter and John A. Ritter, Miami, for appellant.
Ullman & Ullman and Howard Ullman, North Miami Beach, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
The counterdefendant, Zwickel, appeals an order denying his motion to set aside a default. We reverse.
Default was entered in this cause on September 5, 1984. Two days later, Zwickel filed his answer which denied most of the allegations in the counterclaim and contained an affirmative defense. He then proceeded with due diligence in filing a motion to vacate the default pursuant to Florida Rule of Civil Procedure 1.540 on September 13, 1984. The motion was accompanied by an affidavit of Zwickel's attorney which established that a response had not been timely filed in the action because of the attorney's confusion over the interrelationship between the present case and a companion case which had been settled. The attorney believed that the resolution of the companion case had resolved the present case as well.
A failure to timely respond in an action should be considered excusable where it is due to confusion which reasonably exists as a result of the pendency of two or more cases involving the same or related parties or subject matters. See State Bank of Eau Gallie v. Raymond, 103 Fla. 649, 138 So. 40 (1931); Nasrallah v. Scheuermann, 424 So.2d 974 (Fla. 4th DCA 1983); American Agronomics Corp. v. Varner, 413 So.2d 484 (Fla. 2d DCA 1982); Cunningham v. White, 390 So.2d 467 (Fla. 3d DCA 1980). In the present case, the affidavit established Zwickel's attorney's *1281 confusion over the two companion cases. On the record before us, we find the attorney's confusion was not unreasonable, especially in light of the fact that the cases involved substantially the same parties and transaction and the case numbers had been used together by both the opposing party (on a motion for continuance) and the trial court (on a pre-trial order) in proceedings in the companion case.
Accordingly, it was an abuse of discretion for the trial court to deny Zwickel's motion to set aside the default. Reversed and remanded for further proceedings.