560 So.2d 246 (1990)
Luis M. CABRAL, Appellant,
v.
DIVERSIFIED SERVICES, INC., d/b/a Budget Rent-a-Car of Miami, Inc., Appellee.
No. 89-1965.
District Court of Appeal of Florida, Third District.
March 6, 1990.
Rehearing Denied May 22, 1990.
*247 Wolpe, Leibowitz, Berger & Brotman, Mark A. Leibowitz and Steven R. Berger, Miami, for appellant.
Max A. Goldfarb, Miami, for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
PER CURIAM.
Cabral appeals an order denying his motion for relief from default judgment. We reverse.
Budget Rent-A-Car filed a complaint against Cabral and a codefendant seeking damages plus reasonable attorney's fees. A default was entered against the defendants for failing to defend the action. Thereafter, the trial court entered final judgment. Almost nine months after the entry of the default judgment, Cabral filed a motion for relief from default judgment. Cabral's motion was denied.
Cabral contends that the trial court erred in denying his motion because the complaint fails to state a cause of action. Budget Rent-A-Car asserts that appellant's motion for relief from default judgment did not raise this issue and, therefore, this court may not consider this point on appeal.
Generally, only questions that were before the trial court may be reviewed on appeal. See Mariani v. Schleman, 94 So.2d 829, 831 (Fla. 1957). However, despite the fact that a default judgment has been entered, the defendant is permitted "to contest the sufficiency of the complaint and its allegations to support the judgment." Bay Prods. Corp. v. Winters, 341 So.2d 240, 242 (Fla. 3d DCA 1976) (quoting Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200 (5th Cir.1975)). In reviewing Budget Rent-A-Car's complaint, we find that it wholly fails to state a cause of action against Cabral.
In addition, Cabral contends that the trial court erred in denying the motion for relief from judgment where there was a clear showing of excusable neglect and a meritorious claim. Trial courts have sound discretion in granting motions for relief from judgment upon a showing of excusable neglect and a meritorious defense. See *248 B/G Amusements, Inc. v. Mystery Fun House, 381 So.2d 318 (Fla. 5th DCA 1980). We find that the trial court abused its discretion. Failure to respond in a timely manner "should be considered excusable where it is due to confusion which reasonably exists as a result of the pendency of two or more cases involving the same parties or related subject matters." Zwickel v. KLC, Inc., 464 So.2d 1280, 1280 (Fla. 3d DCA 1985). As in Zwickel, Cabral's failure to respond in a timely manner was due to confusion as a result of the pendency of a case with a related subject matter. Thus, Cabral's neglect was excusable. Cabral, in his affidavit, raises a meritorious defense in that he alleges that he was neither the driver of the car nor the person that leased the car.
Lastly, Cabral asserts that the trial court erred in awarding Budget Rent-A-Car attorney's fees pursuant to section 57.105, Florida Statutes (1987)[1]. We agree. For an award of attorney's fees pursuant to section 57.105, Florida Statutes (1987), the trial court must find "that there was a complete absence of a justiciable issue of either law or fact raised by absence of a justiciable issue of either law or fact raised by the ... defense of the losing part; ..." § 57.105, Fla. Stat. (1987) (emphasis supplied); see Sachs v. Hoglund, 397 So.2d 447 (Fla. 3d DCA 1981); see also Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982). In the present case, Cabral did not raise defenses which completely lacked any justiciable issues of law or fact; in fact, Cabral failed to raise any defenses at all. Thus, we find that the trial court erred in awarding Budget Rent-A-Car attorney's fees pursuant to section 57.105, Florida Statutes (1987).
Reversed.
NOTES
[1] Section 57.105 provides:

Attorney's fees.  The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party's attorney is not personally responsible if he has acted in good faith, based on the representation of his client.