674 So.2d 169 (1996)
UNITED STATES FIRE INSURANCE COMPANY, Appellant,
v.
C & C BEAUTY SALES, INC., Appellee.
No. 95-548.
District Court of Appeal of Florida, Third District.
May 8, 1996.
Rehearing Denied June 12, 1996.
*170 Richard A. Sherman and Rosemary B. Wilder, Ft. Lauderdale; Boehm, Brown, Rigdon, Seacrest & Fischer and Janice A. Kelly, Daytona, for appellant.
Blaxberg, Grayson & Singer and Moises T. Grayson, Miami, for appellee.
Before BARKDULL, GREEN and FLETCHER, JJ.
BARKDULL, Judge.
The appellant United States Fire Insurance Company (U.S. Fire), appeals an order striking its pleadings and entering a default judgment against it as a sanction for failure to comply with court orders compelling discovery. It also appeals an order entering judgment for the appellee, C & C Beauty Sales, Inc. (C & C), in the amount of $486,259.82 as liquidated damages. We affirm in part and reverse in part.
U.S. Fire insured C & C's inventory of perfumes. When C & C sustained a theft loss, it made a claim on its policy with U.S. Fire. U.S. Fire sent its accountants to C & C's warehouse to investigate the loss. U.S. Fire then denied the claim and C & C filed a complaint for breach of contract and unfair claim settlement. C & C requested production of all of the work papers of U.S. Fire's accountants that related to the theft. Over the course of the next year, the parties skirmished over discovery. C & C filed five motions to compel production of the accountants' work papers. The motions were granted, but U.S. Fire still did not comply. The item specifically sought was a "roll forward," which was a calculation of the value of the inventory lost in the theft. U.S. Fire contended that only a preliminary roll forward had been completed and that a complete roll forward was never done by the accountants.[1] At the hearing on the fifth motion to compel, the trial judge entered an order striking U.S. Fire's pleadings as a sanction for failure to comply with the prior court orders to produce the roll forward. The order contained a purge provision by which U.S. Fire could purge the effects of the order by fully complying within ten days and by paying one hundred and seventy five dollars in attorney's fees. U.S. Fire filed a notice of compliance within ten days, but C & C contended that the roll forward had still not been produced. Another hearing was held during the next month at which time C & C informed the judge that U.S. Fire had still not complied with the court's order. The judge held that the pleadings would *171 remain stricken but that U.S. Fire would have an additional ten days to purge by supplying for deposition the person who had prepared the roll forward. U.S. Fire filed an objection and motion for a protective order in response to a deposition upon written questions in reference to the roll forward, but before the hearing was held, it produced the roll forward and the successor judge held accordingly that the issue was moot.
At a later evidentiary hearing on the issue of whether or not the pleadings would remain stricken, the trial judge found that the "predecessor judge made a finding there was willful disregard of the rules of discovery. And I have heard nothing today that would permit me to have a different opinion." A default judgment and final judgment for $486,259.82 as liquidated damages was entered. That figure was derived from C & C's complaint and the proof of loss attached to the complaint.
U.S. Fire first contends that the order striking its pleadings and entering a default judgment was far too severe a sanction under the circumstances and cannot be upheld under Florida law. It claims alternatively that it produced the roll forward within the first purge period, but also that it produced this "one piece of paper" late. It argues that the trial judge was confused as to the difference between a preliminary roll forward, which was timely produced, and a complete roll forward, which did not exist and had never been done by the accountants.
Without belaboring the facts in this case, suffice it to say that we are unwilling to interfere with the trial judge's finding that the requested roll forward had not been produced within the purge period. We find nothing in this record to indicate that the circumstances were otherwise. It appears that counsel for U.S. Fire was not being completely candid with the court when she repeatedly stated that "there are no roll forwards." Also worthy of note is the fact that two trial judges made the same determination on three separate occasions. Furthermore, the six page order striking the pleadings contains a detailed statement of all of the actions that led to the imposition of the sanctions. It states that U.S. Fire had shown a willful, deliberate and contumacious disregard of the court's previous orders and the facts in this case support that determination.[2] In short, this order striking pleadings and entering a default meets all the elements necessary to affirm such an order under Florida law and therefore the trial court did not abuse its discretion. See Commonwealth Federal Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990); Mercer v. Raine, 443 So.2d 944 (Fla.1983); Davis Garden Estates, Inc. v. American Inv. Realty, Inc., 670 So.2d 1180 (Fla. 3d DCA 1996); Garlock, Inc. v. Harriman, 665 So.2d 1116 (Fla. 3d DCA 1996); Levine v. Del American Properties, Inc., 642 So.2d 32 (Fla. 5th DCA 1994); AVD Enterprises, Inc. v. Network Sec. Acceptance Corp., 555 So.2d 401 (Fla. 3d DCA 1989).
However, U.S. Fire next contends that the order entering a judgment for liquidated damages cannot stand because the damages were unliquidated and it had a right to a jury trial on an unliquidated damage claim even if a default had been entered on liability. We agree.
It is well settled in Florida that a default judgment only admits to a plaintiff's entitlement to liquidated damages. Bowman v. Kingsland Dev., Inc., 432 So.2d 660 (Fla. 5th DCA 1983). "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between parties, by an arithmetical calculation or by application of definite rules of law.... However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment." Id. at 662-63. See also Tand v. C.F.S. Bakeries, Inc., 559 So.2d 670 (Fla. 3d DCA 1990).
In this case C & C alleged that the value of the stolen property was $486,259.82. *172 However, it asked for damages in excess of that amount in the complaint and both parties requested a jury trial. The fact that it alleged in its complaint that the value of the stolen inventory was a certain amount does not make the claim liquidated. That determination can only be made after evidence has been presented and testimony taken on the issue of exactly what inventory was stolen and how much it was worth. Indeed, it would seem that the parties would not have fought so bitterly over the production of the roll forward if it was not crucial to a valuation of the loss. In addition, C & C's assertion that U.S. Fire waived its right to a jury trial by failing to object to the order entering liquidated damages is without merit.[3] Therefore, we must reverse and remand for a jury trial on damages.
Affirmed in part and reversed and remanded in part.
NOTES
[1] U.S. Fire also objected to production of these documents based upon work product privilege and brought a petition for writ of certiorari to this court. The petition was denied. U.S. Fire Ins. Co. v. C & C Beauty Sales, Inc., 642 So.2d 761 (Fla. 3d DCA 1994). See also Nationwide Mutual Fire & Ins. Co. v. Harmon, 580 So.2d 192 (Fla. 4th DCA 1991).
[2] It appears that U.S. Fire continued to object to the requested production on grounds that had been raised in the petition for writ of certiorari to this court. See supra note 1. U.S. Fire had also answered a request for production of recorded statements stating that there were no recorded statements taken from the plaintiffs. This was later found to be untrue.
[3] The right to a jury trial is not waived by mere failure to object. See Curbelo v. Ullman, 571 So.2d 443 (Fla.1990); Barth v. Florida State Constructors Serv., Inc., 327 So.2d 13 (Fla.1976); Jayre Inc. v. Wachovia Bank and Trust Co., N.A., 420 So.2d 937 (Fla. 3d DCA 1982).