740 So.2d 42 (1999)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Charles LADNER and Dottie Ladner, Husband and Wife, Appellees.
No. 98-2947.
District Court of Appeal of Florida, First District.
March 30, 1999.
*43 Michael J. Schofield and Paul A. Wilson, of Schofield & Wade, Pensacola, for Appellant.
Quin Baker, of Baker & Baker, Pensacola, for Appellees.
PER CURIAM.
Appellant (Allstate) argues that the trial court erred in denying its motion to vacate an interlocutory order of default. We agree and reverse.
A clerk's default was entered when Allstate failed timely to answer appellees' complaint. Two days later Allstate filed both a motion to set aside the default and an unverified answer to the complaint containing a general denial and five affirmative defenses. The trial court denied Allstate's motion to set aside the default, and Allstate timely appealed from that order.
The longstanding policy in Florida is one of liberality toward vacating defaults, and any reasonable doubt with regard to setting aside a default should be resolved in favor of vacating the default and allowing trial on the merits. North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 852-53 (Fla.1962); Tutwiler Cadillac, Inc. v. Brockett, 551 So.2d 1270, 1271-72 (Fla. 1st DCA 1989). For a court to grant a defendant relief from a default, however, the defendant must show excusable neglect, a meritorious defense, and due diligence in seeking relief after learning of the default. Khubani v. Mikulic, 620 So.2d 800, 801 (Fla. 2d DCA 1993). In the instant case appellees concede that Allstate demonstrated both excusable neglect and due diligence. The only issue is whether the trial court abused its discretion in denying Allstate's motion to vacate the clerk's default because Allstate failed to demonstrate a meritorious defense. See North Shore Hosp., 143 So.2d at 852; Tutwiler Cadillac, 551 So.2d at 1272 (stating greater showing of abuse of discretion needed to reverse grant of motion to vacate default than to reverse denial of such motion).
In North Shore Hospital, the supreme court held that a general denial is sufficient to establish a meritorious defense for the purpose of setting aside an interlocutory order of default. 143 So.2d at 852. Such a general denial in an unverified answer is not sufficient to demonstrate a meritorious defense, however, when a party seeks to set aside a default following entry of final judgment. See Westinghouse Elevator Co. v. DFS Constr. Co., 438 So.2d 125 (Fla. 2d DCA 1983); Bay Convalescent Ctr., Inc. v. Carroll, 352 So.2d 900 (Fla. 1st DCA 1977), cert. dismissed, 364 So.2d 881 (Fla.1978).
In the instant case, before entry of final judgment, Allstate filed a motion to vacate the default and an unverified *44 answer containing a general denial and several affirmative defenses, including contributory negligence. Such was sufficient to demonstrate a meritorious defense for purposes of setting aside the interlocutory order of default See Ponderosa, Inc. v. Stephens, 539 So.2d 1162, 1164 (Fla. 2d DCA 1989) (reversing denial of motion to vacate default and holding appellant's unverified proposed answer containing general denial and affirmative defenses, including contributory and comparative negligence, established "meritorious defense sufficient for purposes of setting aside an interlocutory order of default"); Moore v. Powell, 480 So.2d 137, 139 (Fla. 4th DCA 1985), review denied, 492 So.2d 1333 (Fla.1986). Thus, appellees' contention that Allstate was required to file a verified pleading or affidavit containing facts supporting a meritorious defense fails.
Accordingly, we reverse the trial court's denial of Allstate's motion to set aside the clerk's default.
JOANOS, MINER and DAVIS, JJ., CONCUR.