893 So.2d 708 (2005)
Joe SZUCS, Appellant,
v.
QUALICO DEVELOPMENT, INC., a Florida corporation, Richard Traynor, and Adrian C.F. Jenkins, Appellees.
No. 2D04-2359.
District Court of Appeal of Florida, Second District.
February 23, 2005.
*709 Neal A. Sivyer and J. Carlton Mitchell of Sivyer, Barlow & Watson, P.A., Tampa, for Appellant.
Gale M. Bobenhausen of Kimpton, Burke & Bobenhausen, P.A., Clearwater, for Appellees.
STRINGER, Judge.
Joe Szucs seeks review of a final judgment for damages rendered in conjunction with the circuit court's order denying his motion to vacate clerk's default in this lawsuit among shareholders of Qualico Development, *710 Inc.[1] Because Szucs did not demonstrate excusable neglect or due diligence in obtaining relief after learning of the default, we affirm the order denying motion to vacate default. We reverse, however, the damages element of the final judgment and remand for further proceedings.
Qualico filed the original complaint against Szucs and Pittway Plaza Associates, Ltd., on February 11, 2002, seeking an accounting from Pittway and declaratory relief against Pittway and Szucs. The first amended complaint filed July 8, 2002, was similar to the first in parties and causes of action. The second amended complaint filed September 29, 2003, however, dropped Pittway and alleged two causes of action for breach of fiduciary duty and civil theft against Szucs.
Szucs was originally served with the complaint in February 2002. He was served with the statutory civil theft notice on July 1, 2003, which he signed on July 16, 2003. The clerk entered a default against Szucs on October 31, 2003. Qualico settled with Pittway in November 2003 and voluntarily dismissed claims against it. On February 4, 2004, Qualico filed a motion for summary judgment together with supporting affidavits. Finally, on March 1, 2004, Szucs filed an answer and affirmative defenses, an affidavit in opposition to the motion for summary judgment, and a motion to vacate the default.
Szucs averred in his affidavit supporting his motion to vacate default that he had been aware of the pendency of the action since he was served in February 2002, but that because the first two complaints did not seek money damages against him, he was unaware of the ramifications of a default. Further, only when he received the motion for summary judgment did he become aware that Qualico was seeking money from him. At the hearing, his attorney pointed out that Szucs had allowed the other parties to litigate the matter early in the lawsuit, and only after the motion for summary judgment did he retain counsel on February 25, 2004.
On appeal, Szucs attacks the order denying his motion to vacate default, the subsequent entry of summary judgment and the final judgment's adjudication of damages.

Motion to Vacate Default
The standard of review for an order denying a motion to vacate default is whether the trial court abused its discretion. Finkel Outdoor Prods., Inc. v. Lasky, 529 So.2d 317, 318 (Fla. 2d DCA 1988). When ruling on a motion to vacate a default a court must consider whether the moving party (1) has shown excusable neglect, (2) has a meritorious defense to the opposing party's claims, and (3) has exercised due diligence in obtaining relief after learning of the default. Allstate Ins. Co. v. Ladner, 740 So.2d 42, 43 (Fla. 1st DCA 1999). All reasonable doubts should be resolved in favor of setting aside the default. Id.
Szucs contends that his failure to answer was the result of excusable neglect from understandable confusion resulting from the plaintiffs' relative indifference toward him in the litigation and their extended settlement negotiations for monetary damages against Pittway. He cites cases that involved the pendency of two or more cases involving the same or related parties. See Okeechobee Imports, Inc. v. Am. Sav. & Loan Ass'n of Fla., 558 So.2d *711 506, 507 (Fla. 3d DCA 1990); Zwickel v. KLC, Inc., 464 So.2d 1280, 1280 (Fla. 3d DCA 1985). Okeechobee Imports and Zwickel involved multiple lawsuits, misfilings, and confusion over similar transactions and case numbers, facts not present here. No multiple lawsuits exist in this case. Qualico filed three complaints in this single action, but the first two were very similar. Only when Szucs realized that he could suffer monetary damages did he eventually seek counsel to proceed. A defendant's failure to retain counsel or to understand the legal consequences of his inaction is not excusable neglect. Joe-Lin, Inc. v. LRG Rest. Group, Inc., 696 So.2d 539, 541 (Fla. 5th DCA 1997).
Szucs also asserts that seeking counsel three weeks after the motion for summary judgment demonstrated his due diligence in seeking to vacate the default. Once he obtained counsel, he explains that he expediently filed the appropriate motions. But the court is called upon to consider due diligence upon learning of the entry of the default, not four months later when the plaintiffs filed a motion for summary judgment. See Ladner, 740 So.2d at 43. Szucs' assertions of excusable neglect and due diligence fall short of the examples he cites. See, e.g., Mims v. Miller, 513 So.2d 1120 (Fla. 2d DCA 1987) (reversing trial court's refusal to vacate default when the defendant assumed that the personal representative would be defending the suit on her behalf and, in any event, filed a motion to vacate the default within seven days of the default when she learned otherwise); Edwards v. Najjar, 748 So.2d 1101, 1103 (Fla. 3d DCA 2000) (reversing the denial of a motion to vacate default when the defendant, through a myriad of misfilings, a multiplicity of lawsuits, and personal family issues, exercised due diligence and promptly responded to the court's order setting the matter for trial one month after the default had been entered). We conclude that Szucs failed to demonstrate excusable neglect or due diligence in obtaining relief after learning of the default. The fact that Szucs misunderstood that the plaintiffs were seeking a money judgment and did not seek counsel until after they sought a judgment is not a legal excuse to vacate a default. See Goldome v. Davis, 567 So.2d 909 (Fla. 2d DCA 1990) (holding defendant's misunderstanding that plaintiffs were seeking money judgment until after bank sought writ of garnishment was not legal excuse to vacate judgment); Claffey v. Serafino, 338 So.2d 270 (Fla. 2d DCA 1976) (holding that misunderstanding of the significance of service of process is not excusable neglect warranting a vacating of a default).
Because Szucs failed to demonstrate excusable neglect, we need not decide whether he established a meritorious defense. See Joe-Lin, Inc., 696 So.2d at 541. It cannot be said that the court abused its discretion in refusing to vacate the default.

Summary Judgment
The standard of review of a final summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). A party against whom a default is entered admits the truth of the well-pleaded allegations. Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So.2d 1231, 1233 (Fla. 1st DCA 1995). The allegations of the second amended complaint, exhibits, and affidavits support the claims of Szucs' breach of fiduciary duty, conversion, and civil theft. There are no material, disputed facts to bar entry of summary judgment.
Szucs cites Reserve Insurance Co. v. Earle W. Day & Co., 190 So.2d 803 (Fla. 2d DCA 1966), and Wallace v. Pensacola Rent-A-Wreck, Inc., 616 So.2d 1048 (Fla. 5th DCA 1993), but neither case concerned the entry of a default. They merely stand for the general propositions that the existence *712 of a genuine issue of material fact will preclude summary judgment. The court in this case correctly entered summary judgment.

Damages
We agree with Szucs' argument that he is entitled to a trial on the issue of damages because they do not represent liquidated damages. Szucs demanded a trial by jury of all issues so triable in his answer and affirmative defenses. After the clerk entered default and the court refused to vacate it, Qualico filed a motion for summary judgment.
As carefully explained in Bowman v. Kingsland Development, Inc., 432 So.2d 660, 662-63 (Fla. 5th DCA 1983):
A default admits every cause of action that is sufficiently well-pled to properly invoke the jurisdiction of the court and to give due process notice to the party against whom relief is sought. A default also admits the plaintiff's entitlement to liquidated damages due under the pleaded cause of action, but not unliquidated damages. Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded; i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. Since every negotiable instrument must be `an unconditional promise or order to pay a sum certain in money' ..., actions for the sums directly due on negotiable instruments are, by definition, actions for liquidated damages. However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.
The second amended complaint alleges that Szucs received two checks and a fund transfer totaling $66,666 from Pittway that belonged to Qualico in connection with an agreement to purchase and develop a certain piece of property. Szucs, Traynor, and Jenkins were equal shareholders of the corporation. The transaction in question is not an action on the notes. Instead, Qualico asserts claims for breach of fiduciary duty, conversion, and civil theft against Szucs. As a party to the agreement and one of the corporation's shareholders, Szucs himself may be entitled to setoff for an indefinite interest or share according to the agreement. As such, we conclude that the damages under the second amended complaint are unliquidated.
Because the damages are unliquidated, Szucs is entitled to a trial on the issue of damages. See Ansel v. Kizer, 428 So.2d 671 (Fla. 2d DCA 1982); Employee Benefit Claims, Inc. v. Diaz, 478 So.2d 379, 379 (Fla. 3d DCA 1985); Air Unlimited Inc. v. Volare Air, Inc., 428 So.2d 294, 294-95 (Fla. 3d DCA 1983). We disagree with Szucs' argument that he is entitled to a trial by jury. However, because the plaintiffs did not demand a jury trial, the matter may be tried by the court. Cf. Holiday Gulf Builders, Inc. v. Tahitian Gardens Condo., Inc., 443 So.2d 143, 145 (Fla. 2d DCA 1983); Air Unlimited Inc., 428 So.2d at 294-95; E. Koex Co., Ltd. v. Bonanza Import & Export, Inc., 360 So.2d 153, 155 (Fla. 3d DCA 1978).
Accordingly we affirm the order denying the motion to vacate clerk's default and the summary judgment as to liability. Because the damages are not liquidated, however, we reverse the summary judgment as to damages and remand for a bench trial on the amount of Qualico's damages.
CASANUEVA and DANAHY, PAUL W., Senior Judge, Concur.
NOTES
[1] Henceforth, reference to Qualico includes the corporation, Richard Traynor, and Adrian Jenkins.