922 So.2d 326 (2006)
Meldon RICH, Appellant,
v.
Essie SPIVEY and Mary Grimsley, Appellees.
No. 1D05-3723.
District Court of Appeal of Florida, First District.
February 22, 2006.
*327 Appellant, pro se.
David E. Bailey, Jr., Pensacola, for Appellees.
PER CURIAM.
Appellant, Meldon Rich, appeals a final judgment after default awarding him $10.00 in nominal damages in his action alleging civil theft against appellees, Essie Spivey and Mary Grimsley. We affirm all issues and address only Issue III, in which Rich contends the trial court erred by finding that although appellees' liability was established by their default, a hearing was required to determine damages.
A default admits all well-pleaded allegations of a complaint, which may include a plaintiff's entitlement to liquidated damages. See Mahmoud v. Int'l Islamic Trading (IIT), Ltd., 572 So.2d 979 (Fla. 1st DCA 1990).
"Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law. . . . However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment."
Sec. Bank, N.A. v. BellSouth Adver. & Publ'g Corp., 679 So.2d 795, 800 (Fla. 3d DCA 1996) (quoting Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662-63 (Fla. 5th DCA 1983)), approved, 698 So.2d 254 (Fla. 1997). Accord. Gulf Maint. & Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813, 818 (Fla. 1st DCA 1989).
Rich claims that his specific requests for $2,828 for personal property, $1,399 for household items, and for a lot in Pensacola constituted liquidated damages by virtue of appellees' default, which admitted that such damages were due. On the contrary, a claim for a sum certain in a complaint does not render such alleged damages liquidated. "`A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages.'" Sec. Bank, 679 So.2d at 803 (quoting Henry P. Trawick, Jr., Florida Practice & Procedure § 25-4 at 348 (1988 ed.)).[1]See United States Fire Ins. Co. v. C & C Beauty Sales, Inc. 674 So.2d 169, 172 (Fla. 3d DCA 1996) ("The fact that [plaintiff] alleged in its complaint that the value of the stolen inventory was a certain amount does not make the claim liquidated.").
The above rule is consistent with federal courts' interpretations of Federal Rule of Civil Procedure 55, which specifically provides, as to damages following a default: "When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount shall enter *328 judgment for that amount[.]" As reported in Charles A. Wright, Arthur R. Miller, and Mary K. Kane, Federal Practice & Procedure Civil § 2688, at 58-59, 63-67:
If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. . . .
* * *
If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing. . . .
If the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary[.] . . .
When defendant contests the amount of the claim, a full hearing may be required on the issue of damages, since a default does not concede the amount demanded.

(Emphasis added.) See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155 (2d Cir.1992); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319 (7th Cir.1983); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir.1977).
The only case that arguably supports Rich's position is Dunkley Stucco, Inc. v. Progressive American Insurance Co., 751 So.2d 723 (Fla. 5th DCA 2000), wherein the Fifth District held that the plaintiff's allegation of a specific amount of damages in its complaint was deemed admitted by virtue of the defendant's default. "This admission converts what would have been an unliquidated amount into a liquidated one." Id. at 724.
We consider Dunkley Stucco is factually dissimilar from the case at bar. There, the plaintiff insurance company alleged in its complaint that it had paid to its insured property damages in the amount of $44,982.72 resulting from a collision between the insured's vehicle and a Dunkley Stucco truck; consequently, it was entitled, as a subrogee of the insured's claim, to that precise amount of damages from Dunkley Stucco. In contrast, Rich compiled at the end of his complaint a list of real and personal property, and his own valuation of each item. Unlike the allegations in Dunkley Stucco, Rich's list does not constitute a well-pleaded allegation of fact that could be deemed admitted by appellees' failure to deny it.
AFFIRMED.
ERVIN, WOLF and DAVIS, JJ., concur.
NOTES
[1] Cf. Fla. R. Civil P. 1.110(e), regarding general rules of pleading: "Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." (Emphasis added.)