NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DIEGO PARAMO and D.M.P. )
BUILDERS AND ASSOCIATES, INC., )
a Florida corporation, )
                              )
          Appellant, )
                              )
v. )  Case No. 2D14-350
                              )
VINCENT FLOYD and VIANNE )
FLOYD, )
                              )
          Appellees. )
_____)

Opinion filed January 7, 2015.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Lee
County; Joseph C. Fuller, Judge.

Michael M. Brownlee of Brownstone,
P.A., Winter Park, for Appellants.

Brett David Fisher of The Boatman Law
Firm, P.A., Naples, for Appellees.

LaROSE, Judge.

          Diego Paramo and D.M.P. Builders and Associates, Inc. (collectively,

"Paramo"), appeal the final default judgment entered against them and in favor of

Vincent and Vianne Floyd. The Floyds sued Paramo for civil theft in connection with a

project to expand and remodel their home. The trial court erroneously awarded the Floyds unliquidated damages without an evidentiary hearing. Accordingly, we reverse the default judgment as to damages and remand for an evidentiary hearing. We affirm as to all other issues without further comment.

A default admits all well-pleaded allegations of a complaint, including a plaintiff's entitlement to liquidated damages; but a default does not automatically entitle a plaintiff to unliquidated damages. Szucs v. Qualico Dev., Inc., 893 So. 2d 708, 712 (Fla. 2d DCA 2005) (quoting Bowman v. Kingsland Dev., Inc., 432 So. 2d 660, 662-63 (Fla. 5th DCA 1983)). "Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." Bowman, 432 So. 2d at 662. Damages are unliquidated, however, if testimony is required to ascertain facts upon which to base the exact sum. Medcom U.S.A., Inc. v. Ryder Homes & Groves Co., 847 So. 2d 594, 596 (Fla. 2d DCA 2003). We consider claims for reasonable attorney's fees, too, as unliquidated damages. Holiday Gulf Builders, Inc. v. Tahitian Gardens Condo., Inc., 443 So. 2d 143, 145 (Fla. 2d DCA 1983).

The trial court awarded the Floyds damages of $237,000. This amount consisted of a $15,000 deposit, $30,000 for demolition work, and $34,000 for unaccounted-for building materials. Under the civil theft statute, section 772.11, Florida Statutes (2011-12), the trial court tripled the claimed actual damages for a total of $237,000.

2

Although the Floyds claimed what they perceived to be a liquidated damage amount, their saying so does not make it so.  See Rich v. Spivey, 922 So. 2d 326, 327 (Fla. 1st DCA 2006); United States Fire Ins. Co. v. C & C Beauty Sales, Inc., 674 So. 2d 169, 172 (Fla. 3d DCA 1996) ("The fact that [plaintiff] alleged in its complaint that the value of the stolen inventory was a certain amount does not make the claim liquidated").  "If the court determines that defendant is in default, the factual allegations of the complaint, *except those relating to the amount of damages,* will be taken as true . . . ."  Rich, 922 So. 2d 326 at 328 (quoting Charles A. Wright, Arthur R. Miller, & Mary Kane, Federal Practice & Procedure Civil § 2688, at 58-59).

For example, the Floyds included in their damage calculation amounts paid for completed work.  The Floyds must concede that Paramo finished the demolition work.  Yet, they included $30,000 for demolition as a damage item.  The $34,000 item for missing building materials appears to be based only on the Floyds' estimation.  This is not an exact calculation as required for liquidated damages.  "Damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment."  Szucs, 893 So. 2d at 712 (quoting Bowman, 432 So. 2d at 662-63).

An evidentiary hearing is necessary to determine the amount of damages owed to the Floyds.  We must reverse the damages award and remand to the trial court for further proceedings.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and SLEET, JJ., Concur.

3