SLEET, Judge*
Nahcy' Minda, the former wife,' appeals the orders denying' her -motions tó set aside the final judgment dissolving her marriage to Gary Minda, the former husband.[1] We affirm without comment' the *1127 first order denying the former wife’s motion as legally insufficient, which is the subject of the appeal in case .number 2D15-149. However, because we hold that the second motion to set aside the final judgment was facially sufficient and not successive, we reverse. '
The parties were married in New York in 2000 and resided there until their separation in October 2013. In fact; when the former husband initially filed his petition for dissolution of marriage, he did so in New York. However, after the former wife filed a petition for spousal support in New York, the former husband voluntarily dismissed the New York action and filed a new petition for dissolution of marriage in Pinellas County, Florida, alleging that jurisdiction was based on the former wife’s Florida residency. The former wife did not file a response to the Florida petition; instead she filed a new petition for dissolution in New York. Shortly thereafter, the former husband obtained.a clerk’s default against the former wife in the Florida proceeding, and the trial court entered a final judgment dissolving the marriage on September 18, 2014. ,
On October 1, 2014, the former wife filed motions to set aside the i final judgment and for rehearing. The former husband filed a motion to dismiss, arguing that the former wife’s motions were facially insufficient. After a hearing, the trial court agreed and denied the motions as legally insufficient.
In February 2015 the former wife filed a second, more detailed motion pursuant to Florida Rule of Civil Procedure 1.540, seeking to set aside the final judgment based on the trial court’s lack of subject matter jurisdiction, the former husband’s fraud, and excusable neglect! Specifically, the former wife alleged that the parties were never residents of Florida within the meaning of section 61.021, Florida Statutes (2014), that the former husband fraudulently misrepresented assets in his financial affidavit, and that her failure to respond to the Florida petition was- the result of excusable neglect. .The former husband filed a motion to dismiss, alleging that the former wife’s motion to set aside the final judgment was successive.-, At the hearing on the. parties’ motions, the former husband argued that all issues contained in the former wife’s motion had already .been addressed and adjudicated by the trial court when it denied the former wife’s initial rule 1.540 -motion. >The trial .court agreed, granted the former husband’s motion; and dismissed the former wife’s motion as successive. .This was error.
We review'an order denying a motion to vacate a default judgment for an abuse of discretion. Szucs v. Qualico Dev., Inc., 893 So.2d 708, 710 (Fla. 2d DCA 2005). Florida has “a strong preference for lawsuits to be determined on’ the mér-its[,] ánd ... courts' should liberally set aside defaults under appropriate circumstances.” Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004). Any reasonable doubt “should be resolved in favor of setting aside the default;” Szucs, 893 So.2d at 710.
A second motion for relief from judgment is improper if it, attempts to relitigate issues decided by a previous order. See Paul v. Wells Fargo Bank, N.A., 68 So.3d 979, 985 (Fla. 2d DCA 20Í1). However, because the first motion was denied as facially insufficient,. none of the former wife’s claims were adjudicated on the merits. Accordingly, the second motion was not successive, and it was error for the court to grant, the former husband’s. motion to dismiss. , See Dep’t of Transp. v. Bailey, 603 So.2d 1384, 1387 (Fla. 1st DCA 1992) .(holding that the denial of the first motion for relief from judgment, where a jurisdictional argument was *1128 raised but not actually adjudicated, did not preclude review of the second motion, which reasserted movant’s position more clearly).
■ Moreover, Florida courts have permitted successive motions to vacate when to do otherwise “would work an injustice.” Paul, 68 So.3d at 985 (quoting Crocker Invs., Inc. v. Statesman Life Ins. Co., 515 So.2d 1305, 1307 (Fla. 3d DCA 1987)). In both motions to vacate, the former wife raised the trial court’s lack of subject' matter jurisdiction over the proceedings. She argued that neither she nor the former husband was a Florida resident within the meaning of section 61.021 but instead that each is a resident of the State of New York. In her second motion, which included supporting affidavits and materials, the former wife specifically alleged that both parties were .registered to vote in New York, that they maintained their primary marital residence in New York, that the former husband was employed in New York throughout the marriage, and that their property in Florida was merely a vacation home.
From our limited record, it appears that the former husband’s residency claim is based entirely on the former wife’s Florida driver’s license, which can be used to corroborate residency pursuant to section 61.052(2). However, the possession of a Florida driver’s license alone is not irrefutable evidence of Florida residency. See, e.g., Beaucamp v. Beaucamp, 508 So.2d 419, 421 (Fla. 2d DCA 1987) (holding that the wife, who possessed a Florida driver’s license, did riot satisfy the residency requirement when she had riot expressed a desire to stay in Florida until shortly before she -filed her dissolution petition); Sragowicz v. Sragowicz, 591 So.2d 1084, 1084 (Fla. 3d DCA 1991) (holding that the former wife was not a resident of Florida for purposes of section 61.021 even though she possessed a Florida driver’s license). Should the former wife prove her claims regarding the residency of the parties at an evidentiary hearing, the default judgment of dissolution should be set aside as void. See Mannino v. Mannino, 980 So.2d 575, 577 (Fla. 2d DCA 2008) (“A judgment entered by a court which lacks subject matter jurisdiction is void and subject to collateral attack under rule 1.540 at any time.” (quoting McGhee v. Biggs, 974 So.2d 524, 526 (Fla. 4th DCA 2008))).
. After reviewing the motion and record on appeal, we conclude that the former wife’s second motion to vacate the default judgment was facially sufficient and alleged a colorable entitlement to relief. Accordingly, we reverse and, remand for a formal evidentiary-hearing on the motion. See In re Guardianship of Schiavo, 800 So.2d 640, 644 (Fla. 2d DCA 2001) (“A motion for relief from judgment should not be summarily dismissed without an eviden-tiary hearing unless its allegations and accompanying affidavits fail to allege ‘col-orable entitlement’ to relief.” (quoting Dynasty Exp. Corp. v. Weiss, 675 So.2d 285, 239 (Fla. 4th DCA 1996))). On remand, the trial court should permit discovery pri- or to the hearing as the parties may require. See Novastar Mortg., Inc. v. Bucknor, 69 So.3d 959, 960 (Fla. 2d DCA 2011).
Reversed and remanded with instructions.
NORTHCUTT and SALARIO, JJ., Concur.