# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-532
Lower Tribunal No. 16-12697
_____


**Felix Sencion, etc., et al.,**
Appellants,

vs.

**Medula Network, LLC,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Tom Regnier Appeals, P.A., and Thomas Regnier (Sunrise), for appellants.

Sodhi Spoont PLLC, and Eric M. Sodhi and Joshua L. Spoont, for appellee.


Before LAGOA, LOGUE, and LINDSEY, JJ.

LOGUE, J.

Felix Sencion, Mundial Sports Network, and the Mundial Group, Inc.

(collectively "Sencion"), seek review of the trial court's judgment in favor of

Medula Network, LLC entered after default. The record demonstrates that Medula mailed several critical motions and notices, including those relating to the default, to the wrong mailing address. Because Sencion demonstrated excusable neglect, a meritorious defense, and due diligence, the trial court abused its discretion when it denied Sencion's motion to vacate the court's default. Accordingly, we reverse.

Background

In 2016, Medula filed suit against Sencion seeking payment for services rendered. Medula served Sencion at 28 East 28th Street, New York. Sencion responded by filing a letter with the court that claimed most of the money had already been paid. Medula then served Sencion by mail with a motion for clerk's default, an amended motion for court's default, and a notice of hearing for the amended motion for court's default. Rather than sending these documents to the address where Sencion was served, however, Medula mailed the motion and notices to Sencion's former address at 167 Madison Avenue, Suite 603, New York.

Sencion did not appear at the hearing and a default was entered against him. Sencion later reviewed the court docket and discovered the default. He filed a motion to vacate. In the affidavit in support, he testified that the motions and notices had been sent to a former address rather than his current address and he had no notice of the motion or hearing. Meanwhile, Medula moved for final summary judgment but again mailed the motion and notice to the wrong address. Sencion

2

again did not appear at that hearing and the trial court entered a judgment for Medula. That same day, Medula moved to amend the judgment to include the proper 28th Street address. Approximately one week later, Sencion filed a motion to vacate the judgment. The motion to vacate and the motion for amended final summary judgment were both heard at the same time. The trial court denied Sencion's motion and entered the amended final summary judgment. This appeal followed.

## Analysis

The trial court's denial of the motion to vacate the default judgment in this case is reviewed for abuse of discretion. Lloyd's Underwriter's at London v. Ruby, Inc., 801 So. 2d 138, 139 (Fla. 4th DCA 2001) ("An order denying a motion to vacate a default is reviewed under an abuse of discretion standard."). But "[w]hen it comes to vacating defaults, Florida has a long and proud tradition of favoring adjudicating cases on the merits and setting aside defaults." M.W. v. SPCP Group, LLC, 163 So. 3d 518, 519 (Fla. 3d DCA 2015). See Miami-Dade Cnty. v. Coral Bay Section C Homeowners Ass'n, Inc., 979 So. 2d 318, 323 (Fla. 3d DCA 2008) ("Florida has a long-standing policy in favor of deciding lawsuits on their merits.") (citation omitted); Allstate Ins. Co. v. Ladner, 740 So. 2d 42, 43 (Fla. 1st DCA 1999) ("The longstanding policy in Florida is one of liberality toward vacating defaults, and any reasonable doubt with regard to setting aside a

3

default should be resolved in favor of vacating the default and allowing trial on the merits.") (citing North Shore Hosp., Inc. v. Barber, 143 So. 2d 849, 852-53 (Fla. 1962)).

In order to be granted relief from a default, a party "must show excusable neglect, a meritorious defense, and due diligence in seeking relief after learning of the default." Allstate, 740 So. 2d at 43. Sencion satisfied each of these prongs.

Under Florida Rule of Civil Procedure 1.500, the court may enter a default "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." However, "if such party has filed or served any document in the action, that party must be served with notice of the application for default." Id. Here, the crucial motions and notices were sent to the wrong address, as established by the certificates of service. In his sworn affidavit, Sencion testified that he had not received the amended motion for default, the corresponding notice of hearing, or the court's default order. Under these facts, Sencion demonstrated excusable neglect. Days v. Days, 655 So. 2d 1302, 1303 (Fla. 1st DCA 1995) ("Generally, a prior judgment, decree or order must be set aside where there is excusable neglect in the form of a litigant's failure to receive notice of a pending hearing or trial.") (quotation omitted).

Sencion also established a meritorious defense. In both his letter filed with the court and in his affidavit, Sencion asserted that most of the money claimed by

4

Medula had already been paid. Lastly, Sencion exercised due diligence in discovering the default and timely filing motions to vacate.

Because of the preference for adjudicating cases on the merits, and Sencion's establishment of excusable neglect, a meritorious defense, and due diligence, we hold that the trial court erred by not vacating the default. Miami-Dade Cnty., 979 So. 2d at 323 ("Keeping in mind the admonition that in case of doubt, discretion is to be exercised in favor of vacating the default, we conclude that the default should have been vacated in this matter.") (citation omitted).

Reversed and remanded.