NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


HEMANT N. SHAH and MAYUR J. MEHTA,)
               )
     Appellants,        )
               )
v.                    )     Case No. 2D17-1225
               )
REGIONS BANK, an Alabama state  )
state chartered bank, as successor in interest to  )
AmSouth Bank; BIG BEND INVESTMENT  )
GROUP OF FLORIDA, LLC, a Florida  )
limited liability company; GAUTHAM  )
SAMPATH; CARE MULTISPECIALTY  )
GROUP, P.A., a Florida professional  )
association; CARE DENTISTRY GROUP,  )
LLC, a Florida limited liability company; and )
NIGASOFT, INC., a Florida corporation,  )
               )
     Appellees.        )
_____)

Opinion filed July 20, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Martha J. Cook, Judge.

Lindsay A. Wickham, Daniel A. Nicholas,
and Angela M. Swenka of Litchfield Cavo
LLP, Tampa, for Appellant Hemant N.
Shah.

Katie Brinson Hinton of McIntyre
Thanasides Bringgold Elliott Grimaldi &

Guito, P.A., Tampa, for Appellant Mayur J.
Mehta.

Dominic A. Isgro, John A. Anthony, and
Stephenie Biernacki of Anthony &
Partners, LLC, Tampa, for Appellee
Regions Bank.

No appearance for remaining Appellees.


BLACK, Judge.

Hemant N. Shah and Mayur J. Mahta challenge the order denying their

motions to vacate the final summary judgment entered in favor of Regions Bank.[1]  In

their motions, filed pursuant to Florida Rule of Civil Procedure 1.540, Mr. Shah and Mr.

Mahta contended that the final judgment is void because the trial court deprived them of

their due process rights by entering summary judgment in favor of Regions Bank while

affirmative defenses remained pending and in violation of their right to be heard and to

present evidence at the hearing.  The trial court denied the motions to vacate, finding

that it lacked jurisdiction to entertain them.  Although they filed the motions jointly below,

Mr. Shah and Mr. Mahta filed separate briefs on appeal.  In his brief, Mr. Shah contends

that the trial court erred in denying the rule 1.540 motions, arguing only the substantive

issue of whether the judgment is void.  Mr. Mahta raises the substantive issue as well,

but he also contends that the trial court incorrectly determined that it lacked jurisdiction

_____

[1]Mr. Shah and Mr. Mahta, defendants in the action below, filed a joint
"Motion for Relief from Judgment" in 2011 and a joint "Amended Motion for Relief from
Final Judgment" in 2016, followed by an "Emergency Amended Motion for Emergency
Relief from Final Judgment."  Throughout this opinion, we will refer to the motions
collectively.

to consider the motions. We reverse the denial of the motions to vacate the judgment as to Mr. Mahta; however, we affirm the denial of the motions as to Mr. Shah.

We first address Mr. Mahta's argument that the trial court improperly determined that it lacked jurisdiction to consider the motions. Generally, once a final judgment is rendered "the trial court loses jurisdiction over the case except to enforce the judgment." Bank One, Nat'l Ass'n v. Batronie, 884 So. 2d 346, 348 (Fla. 2d DCA 2004). "[T]he one exception to the rule of absolute finality is rule 1.540, 'which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.' " Bane v. Bane, 775 So. 2d 938, 941 (Fla. 2000) (quoting Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1223 (Fla. 1986)). A motion pursuant to subsections (1), (2), or (3) of rule 1.540(b) must be filed within the jurisdictional time limit of the rule: one year from the date of final judgment. Fla. R. Civ. P. 1.540(b); see Batronie, 884 So. 2d at 349. However, a motion pursuant to rule 1.540(b)(4), alleging that the judgment is void, must be filed "within a reasonable time." Fla. R. Civ. P. 1.540(b). "While it is true that [r]ule 1.540(b)(4) states that a motion for relief from a void judgment must be made within a 'reasonable time,' most courts have felt constrained to interpret the 'reasonable time' requirement of the rule to mean no time limit when the judgment attacked is void." M.L. Builders, Inc. v. Reserve Developers, LLP, 769 So. 2d 1079, 1082 (Fla. 4th DCA 2000). And this court has expressly stated that "[t]here is no time limitation on setting aside a void judgment." Wiggins v. Tigrent, Inc., 147 So. 3d 76, 81 (Fla. 2d DCA 2014).

Based on the allegation that the final judgment is void, it is clear that the court did not lose jurisdiction by the passage of time. Thus, the trial court erred in denying the motions on the basis that it lacked jurisdiction to consider them. However,

- 3 -

only Mr. Mahta is entitled to relief on this basis.  Mr. Shah is not entitled to relief despite the erroneous ruling of the trial court because Mr. Shah has not raised the issue for which reversal is warranted.[2]

Given that no evidence was presented at the hearing—for reasons that appear to be based on the court's initial statement that it did not have jurisdiction—we cannot determine if denial of the motion would otherwise have been appropriate.  We note that where a rule 1.540 motion is facially sufficient and alleges a colorable entitlement to relief, a formal evidentiary hearing should be held.  See Minda v. Minda, 190 So. 3d 1126, 1128 (Fla. 2d DCA 2016); see also Pallai v. Dep't of Revenue, 955 So. 2d 1205, 1206 (Fla. 2d DCA 2007) ("The trial court should have conducted an evidentiary hearing to consider the merits of the [motion].").

Affirmed in part, reversed in part, and remanded.


VILLANTI and CRENSHAW, JJ., Concur.

---

[2]We note because the court did not reach the merits of the motions for relief from judgment, a second motion would not be barred as successive.  See Minda v. Minda, 190 So. 3d 1126, 1127 (Fla. 2d DCA 2016) ("A second motion for relief from judgment is improper if it attempts to relitigate issues decided by a previous order.  However, because the first motion was denied as facially insufficient, none of the former wife's claims were adjudicated on the merits.  Accordingly, the second motion was not successive . . . ." (citation omitted)).