# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

THOMAS ORTIZ,

Appellant,

v.

U.S. BANK TRUST NATIONAL ASSOCIATION, not in its individual capacity but solely as trustee of LSRMF MH Master Participation Trust, II; ALLIANCE BANK OF ARIZONA; GRAND CAPITAL FUNDING, LLC; STATE OF FLORIDA, DEPARTMENT OF REVENUE; CLERK OF COURT OF HILLSBOROUGH COUNTY; UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY INTERNAL REVENUE; ARVON FUNDING, LLC, assignee of Gordon Foodservice, Inc.; FRESCO'S RISTORANTE, LLC; and JORGE BERMUDEZ,

Appellees.

No. 2D22-3281
_____

August 16, 2024

Appeal from the Circuit Court for Hillsborough County; Paul L. Huey and Melissa M Polo, Judges.

W. Bart Meacham, Tampa, for Appellant.

Adam A. Diaz and Roy Diaz of Diaz Anselmo & Associates, P.A., Fort Lauderdale, for Appellee U.S. Bank.

No appearance for remaining Appellees.


SILBERMAN, Judge.

Thomas Ortiz appeals a final judgment of foreclosure entered in favor of U.S. Bank Trust National Association (U.S. Bank) as well as the orders denying his postjudgment motions. The final judgment was entered on June 2, 2022. On July 26, 2022, Ortiz filed his first motion to vacate the final judgment seeking relief under Florida Rule of Civil Procedure 1.540(b). He claimed that the judgment was void based on improper service of process, purported fraud, misrepresentation, and misconduct by U.S. Bank. On August 5, 2022, the trial court denied the motion as having no basis in law or fact.

On August 22, 2022, Ortiz filed a second motion to vacate, an alternative motion for reconsideration of the order denying his first motion, and a motion to quash service of process. In these motions, Ortiz repeated and expanded on the claims that he raised in his first motion to vacate. On September 1, 2022, following an evidentiary hearing, the trial court denied all motions. Ortiz filed his notice of appeal on October 3, 2022.[1]

We dismiss Ortiz's appeal of the final judgment and the order denying his first motion to vacate because his appeal of these orders is untimely. We affirm the order denying his second motion to vacate, the alternative motion for reconsideration, and the motion to quash because Ortiz has not provided a transcript of the evidentiary hearing on these motions and has not otherwise demonstrated any error in the trial court's denial of the motions. Moreover, the second motion to vacate and the motion to quash service of process were successive to Ortiz's first motion to vacate as they were based on the same essential facts asserted in the first motion.

---

[1] Ortiz filed an amended notice of appeal on October 24, 2022, which does not impact our analysis.

2

As to the final judgment and the order denying the first motion to vacate, Ortiz failed to file a notice of appeal within thirty days of rendition of either the judgment or the order. *See* Fla. R. App. P. 9.110(b). It is also worth noting that Ortiz's first motion to vacate, filed under rule 1.540, did not toll rendition of the final judgment. *See Parkhomchuck v. AIY, Inc.*, 338 So. 3d 397, 400 (Fla. 3d DCA 2022) ("A motion under this subdivision does not affect the finality of a judgment, decree, or order or suspend its operation." (quoting Fla. R. Civ. P. 1.540(b))); *see also Stubbs v. Fed. Nat'l Mortg. Ass'n*, 250 So. 3d 151, 152-53 (Fla. 2d DCA 2018) (citing cases recognizing that motions filed under rule 1.540 do not toll the time for filing an appeal). Ortiz's later motion for reconsideration of the order denying his first motion to vacate was not authorized and did not toll the time to file an appeal of that order. *See 7th Ave. Vill., LLC v. Perez*, 385 So. 3d 154, 154-55 (Fla. 4th DCA 2024). Because Ortiz did not appeal the final judgment or the order denying his first motion to vacate within thirty days of their rendition, we dismiss the untimely appeal of the final judgment and the order for lack of jurisdiction.

Regarding the trial court's denial of Ortiz's second motion to vacate, alternative motion for reconsideration, and motion to quash service, the trial court held an evidentiary hearing involving witness testimony and documentary evidence. Shortly thereafter, the court entered an order containing findings of fact and conclusions of law. The court determined that the evidence established that Ortiz was properly served by publication and that Ortiz had not otherwise demonstrated any basis for relief. Ortiz has not provided a transcript of that hearing and has failed to show that the trial court erred in denying his motions. *See 1321 Whitfield, LLC v. Silverman*, 67 So. 3d 435, 437 (Fla. 2d DCA 2011) (affirming the denial of a motion to quash service of process because

3

there was no transcript of the hearing on the motion to quash, thus precluding the appellate court's meaningful review of the trial court's findings, and because service of process by publication was statutorily permitted).

Additionally, as U.S. Bank correctly observes, Ortiz's second motion to vacate, motion for reconsideration, and motion to quash service of process attempted to relitigate issues raised in Ortiz's first motion to vacate, which the trial court had denied. "A second motion for relief from judgment is improper if it attempts to relitigate issues decided by a previous order." *Minda v. Minda*, 190 So. 3d 1126, 1127 (Fla. 2d DCA 2016). If a party is dissatisfied with a trial court's ruling on an initial rule 1.540(b) motion, "the[] remedy [is] by appeal, not be [sic] filing successive motions to vacate containing the same general grounds or even new ones, which could have been raised in the first motion." *Parkhomchuck*, 338 So. 3d at 400 (third alteration in original) (quoting *Intercoastal Marina Towers, Inc. v. Suburban Bank*, 506 So. 2d 1177, 1179 (Fla. 4th DCA 1987)).

Ortiz's first and second motions to vacate contain substantially similar allegations and arguments. Even so, Ortiz contends that this court's holding in *Minda* supports the argument that his second motion to vacate was not successive. In *Minda*, we concluded that a second motion to set aside a final judgment dissolving a marriage was not successive because the first motion was denied as facially insufficient, and "none of the former wife's claims were adjudicated on the merits." 190 So. 3d at 1127.

Unlike *Minda*, in the order denying Ortiz's first motion to vacate the trial court found "no basis in law or fact to support vacating the final judgment." Nothing in the order indicates that Ortiz's motion was denied

4

as facially insufficient. Although his appeal of the order denying his second motion to vacate and alternative motion for reconsideration is timely, we are compelled to affirm because if Ortiz was dissatisfied with the trial court's ruling on his first motion to vacate, his remedy was by appeal and not by filing a successive motion to vacate or an unauthorized motion for reconsideration. *See 7th Ave. Vill.*, 385 So. 3d at 154-55; *Baroff v. Baroff*, 349 So. 3d 451, 452 (Fla. 4th DCA 2022) (citing *Parkhomchuck*, 338 So. 3d at 400); *Purcell v. Deli Man, Inc.*, 411 So. 2d 378, 379 (Fla. 4th DCA 1982) ("Had the circuit court denied the second motion to vacate, its action would have been affirmed because the grounds raised in the second motion were raised or could have been raised in the first motion." (citing *Perkins v. Salem*, 249 So. 2d 466 (Fla. 1st DCA 1971))).

Turning to Ortiz's motion to quash service of process, he raised purported defects in service that were largely a repetition of the facts he asserted in his first motion to vacate. Although in the first motion to vacate Ortiz did not specifically ask the trial court to quash service of process, he claimed that the facts on which he relied as to defects in service established that the final judgment was void. Indeed, he asserted that the lack of proper service deprived him of his due process rights. Because Ortiz knew about and relied on the purported defects in service in his first motion to vacate, his motion to quash service of process was also successive. *See Baroff*, 349 So. 3d at 452 (citing *Parkhomchuck*, 338 So. 3d at 400); *see also Purcell*, 411 So. 2d at 379.

In summary, we do not have jurisdiction to review the final judgment or the order denying Ortiz's first motion to vacate because Ortiz failed to appeal them within thirty days of their rendition. Thus, we dismiss his appeal of the final judgment and the order denying his first

5

motion to vacate.  We affirm the order denying Ortiz's second motion to vacate, alternative motion for reconsideration, and motion to quash service because Ortiz has not established any reversible error.

Dismissed in part; affirmed in part.

CASANUEVA and BLACK, JJ., Concur.

_____

Opinion subject to revision prior to official publication.